# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL JAMES BETTS,

    Petitioner,

vs.

ELDON K. MCDANIEL, *et al.*,

    Respondents.

Case No. 2:15-cv-01514-RFB-VCF

**ORDER**

Petitioner Michael James Betts has submitted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF No. 1-1). His application to proceed *in forma pauperis* (ECF No. 1) is granted. It appears from the petition that it was submitted after petitioner discharged the sentence for the judgment of conviction that he now seeks to challenge. Thus, the petition may be subject to dismissal on the basis that Betts fails to satisfy the "in custody" requirement.

Federal habeas corpus law permits prisoners to challenge the validity of convictions for which they are "in custody." *See* 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (*per curiam*); *Feldman v. Perrill*, 902 F.2d 1445, 1446 (9th Cir.1990). In order to satisfy the custody requirement, a petitioner must be in custody pursuant to that conviction *at the time the petition is filed in federal court*. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

1   Betts left blank the section on this court's habeas petition form that asks the date petitioner
2   dispatched the petition for mailing (ECF No. 1-1, p. 1).  However, he signed the petition on August 4,
3   2015 and this court received it on August 7, 2015 (*see* ECF 1-1).  Petitioner states in his petition that
4   he seeks to challenge the judgment of conviction for escape in Case No. CR0317009.  *Id*. at 2.  Betts
5   also indicates on the face of his petition that he has discharged his 24 to 60 months sentence in that case.
6   *Id*.

7   It appears that petitioner is currently in custody at Southern Desert Correctional Center and was
8   in custody there when he dispatched this petition in August 2015.  *Id*. at 1.  However, it appears that
9   petitioner was not in custody on the judgment of conviction for escape that he seeks to challenge here.
10  Accordingly, Betts will be given the opportunity to show that he was in custody pursuant to the
11  judgment of conviction that he seeks to challenge here when he dispatched this petition for filing.

12  Also before the court is petitioner's motion for the appointment of counsel (ECF No. 2).  There
13  is no constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania*
14  *v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).  The decision
15  to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986),
16  cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469
17  U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that
18  denial of counsel would amount to a denial of due process, and where the petitioner is a person of such
19  limited education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see*
20  *also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).  The petition on file in this action appears to
21  clearly present the issues that petitioner wishes to raise, and the legal issues do not appear to be
22  particularly complex.  Therefore, counsel is not justified at this time.  Petitioner's motion is denied
23  without prejudice.

24  **IT IS THEREFORE ORDERED** that petitioner's application to proceed *in forma pauperis*
25  (ECF No. 1) is **GRANTED**.

26  **IT IS FURTHER ORDERED** that the Clerk shall **DETACH, FILE and**
27  **ELECTRONICALLY SERVE** the petition (ECF No. 1-1) upon the respondents.

28

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this order to show cause and file such proof he may have to demonstrate that he was in custody pursuant to the judgment of conviction for escape hat he seeks to challenge in this petition on the date he dispatched this petition for filing.

**IT IS FURTHER ORDERED** that if petitioner files such proof, respondents shall have **twenty (20) days** to file a response to petitioner's proof.

**IT IS FURTHER ORDERED** that if petitioner is unable to demonstrate that he was in custody pursuant to the judgment of conviction that he seeks to challenge here, the court will enter an order dismissing the petition.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 2) is **DENIED** without prejudice.

Dated this 5th day of February, 2016.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE